T.C. Summary Opinion 2012-28

UNITED STATES TAX COURT

CYNTHIA J. CANTRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 15596-09S.                     Filed March 27, 2012.

Cynthia J. Cantrell, pro se.

<u>Alicia E. Elliott</u>, for respondent.

_____

[*]On May 18, 2011, this Court filed T.C. Summary Opinion 2011-60 in this case, and decision was entered on May 25, 2011.  On September 12, 2011, respondent notified the Court that petitioner filed a petition with the U.S. Bankruptcy Court for the District of Arizona on February 28, 2011, before the filing of our opinion and entry of decision, but after the filing of the petition in this case. Pursuant to 11 U.S.C. sec. 362(a)(8) (2006), on September 20, 2011, we vacated the opinion, vacated the decision, and stayed the proceedings in this Court.  On January 11, 2012, respondent informed the Court that the U.S. Bankruptcy Court granted a discharge to petitioner on October 25, 2011, thereby terminating the automatic stay.  <u>See</u> 11 U.S.C. sec. 362(c)(2).  Accordingly, we lifted the stay in this case on January 20, 2012.  On January 20, 2012, this Court issued to petitioner an order to show cause as to why our opinion should not be released and our decision entered.  Petitioner has not responded to that order.  The order to show cause has been made absolute.  Our Summary Opinion, therefore, is unchanged.

## SUMMARY OPINION

GERBER, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  The sole issue for our consideration is whether petitioner is liable for an accuracy-related penalty under section 6662 for 2005.

### Background[2]

Petitioner resided in Arizona when she filed her petition.  During 2005 petitioner was an employee of North Mountain Dentistry, P.C., and Rousselow Enterprises.  She also worked as a licensed real estate agent and purchased real estate for resale, repairing and upgrading the purchased properties as necessary. Properties not immediately resold were rented out.  In 2005 petitioner rented out the following properties:  Cobblestone, Emmett, Expedition, Gavilan Peak, Hillery,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

[2]The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Julian, Manzanita, Riopelle, and Whisper Creek. In 2005 petitioner sold the following properties: 44th Street, Julian, and Riopelle.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for her 2005 tax year. The return was prepared by her father, John M. Cobb.[3] Petitioner reported the rental income and expenses from the Cobblestone, Emmett, Hillery, and Whisper Creek properties on Schedules C, Profit or Loss From Business. She reported the rental income and expenses from the Expedition, Gavilan Peak, Julian, Manzanita, and Riopelle properties on Schedules E, Supplemental Income and Loss. She reported a $16,925 gain from the sale of the 44th Street property on a Schedule C. She did not, however, report any gain from the sale of the Julian or Riopelle property. She reported a $60,010 loss and a zero tax liability.

Respondent audited petitioner's 2005 tax return. At the conclusion of the audit, petitioner and respondent entered into a settlement agreement. Petitioner agreed to a $238,150 increase in her taxable income based on the following adjustments:

- a $36,612 increase to income attributable to gain on the sale of the 44th Street property;

---

[3]The parties disagree as to whether Mr. Cobb qualifies as a professional tax adviser. Because we find that petitioner did not rely or did not rely reasonably on his advice (discussed below), we need not decide that issue.

- a $102,326 increase to income attributable to gain on the sale of the Julian and Riopelle properties;

- a $91,076 increase to income attributable to the disallowance of various deductions claimed on Schedules C and E;

- a $1,149 decrease to income attributable to the allowance of an unclaimed deduction for one-half of petitioner's self-employment tax;

- a $3,200 increase to income attributable to a computational adjustment to petitioner's personal exemption; and

- a $6,085 increase to income attributable to a computational adjustment of petitioner's itemized deductions.

Petitioner also agreed that the gain from the sale of the 44th Street property was capital gain and that all of the rental income and expenses for the Cobblestone, Emmett, Hillery, and Whisper Creek properties should be reported on Schedules E and not on Schedules C, as originally reported. As a result, petitioner consented to the assessment of a $48,083 income tax deficiency.

On March 31, 2009, respondent issued a notice of deficiency to petitioner determining that she was liable for a $9,617 accuracy-related penalty under section 6662(a). Petitioner filed a timely petition in response to the notice of deficiency.

## Discussion

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20% on the portion of an underpayment attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax.

An understatement is substantial if it exceeds the greater of: (1) 10% of the tax required to be shown on the return for the taxable year, or (2) $5,000. Sec. 6662(d)(1)(A). Petitioner's understatement of her 2005 income tax, $48,083, is substantial because it exceeds $5,000.

Section 6664(c)(1) provides a defense to a section 6662 penalty with respect to any portion of an underpayment for which the taxpayer had reasonable cause and acted in good faith. Whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id.

Petitioner claims that she had reasonable cause because the amount of tax she reported on her return reflects her proper tax liability. She claims she entered into the settlement agreement only to avoid litigation. In particular, she contends the following.

- She did not have to report any gain on the sale of the Riopelle property because she had transferred ownership of that property to a charitable remainder trust in 2004.

- She was not required to report any gain on the sale of the Julian property because she realized a loss on the sale; the "gain" resulted from respondent's disallowance of expenses which, according to respondent, petitioner failed to substantiate.

- She reported the correct amount of gain from the sale of the 44th Street property; the additional gain also resulted from respondent's disallowance of expenses which petitioner allegedly failed to substantiate.

- She properly substantiated all of her expenses during the audit.

Petitioner bears the burden of proving reasonable cause. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Because of the nature of her reasonable cause claim, in order to prevail petitioner must prove that her tax liability was correctly reported. This in turn requires her to substantiate her expenses and show that she was not required to report gain from the sale of the Riopelle property. She has done neither. Petitioner has neither substantiated the disputed expenses nor established that she was not the owner of the Riopelle property. We do not accept

petitioner's claims that she provided respondent's agents with documentation substantiating her expenses and/or that the Riopelle property was owned by a charitable remainder trust when it was sold. We have great difficulty accepting petitioner's claim that she reported her proper tax liability because we find it implausible that she would concede a $48,083 income tax deficiency (a relatively significant amount) to avoid litigation and then choose to litigate a penalty worth only one-fifth of that amount when her defense to the penalty would require the very same proof needed to contest the entire tax liability.

Petitioner also claims that she had reasonable cause because she relied on her father's advice. Although reliance on the advice of a professional tax adviser can be a defense to the negligence penalty, such reliance does not necessarily demonstrate reasonable cause and good faith. See United States v. Boyle, 469 U.S. 241, 250-251 (1985). The reliance must be reasonable and in good faith. Sec. 1.6664-4(c)(1), Income Tax Regs. In determining whether a taxpayer reasonably relied in good faith on professional advice, all facts and circumstances must be considered, including the taxpayer's education, sophistication, and business experience. Id.

Petitioner has not demonstrated any reasonable reliance on her father's advice. In fact, petitioner did not heed her father's advice to maintain records of

her expenses, as most of the increase in her taxable income was due to her failure to substantiate expenses claimed on her return. Petitioner's reliance on her father's advice that she did not have to report the gain from the sale of the Riopelle property was unreasonable because she reported the rental income and expenses for that property on the return. If the Riopelle property had indeed been transferred to a charitable remainder trust in 2004, she would not have claimed the rental income and expenses from that property for 2005. Having substantial experience in the real estate business, she should have been aware of this discrepancy. It was thus unreasonable for her to rely on her father's advice without any further inquiry.

For these reasons, we hold that petitioner is liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.